UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DARRELL LANCEY BROWN, III                                                                                     Plaintiff

v.                                                                                    Civil Action No. 3:18-cv-P762-RGJ

RYAN SLAUBAUGH *et al.*                                                                                     Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Darrell Lancey Brown, III, filed this action when he was a pretrial detainee awaiting trial on charges including trafficking in a controlled substance, illegal possession of drug paraphernalia, and possession of marijuana. This case was stayed pending the final disposition of the state-court criminal case against him. *See* DNs 11, 19. Plaintiff has now notified the Court that the state-court conviction regarding the charges against him pertinent to this civil action have been reversed by the Kentucky Supreme Court. Accordingly, the Court lifted the stay and now turns its attention to initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some claims will be dismissed, and the remaining claims will be allowed to proceed.

I.

The complaint names as Defendants Ryan Slaubaugh and Chase McKeown, both Elizabethtown police officers, in their official and individual capacities. Plaintiff alleges that in the late night/early morning of February 9 to February 10, 2018, Defendants responded to a call that Plaintiff was asleep in his car in a public parking place. He alleges that his car was illegally searched, he was unlawfully detained, falsely arrested, and unlawfully imprisoned. In addition to

the Fourth Amendment, the complaint references the Fifth Amendment, the Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Fifth Amendment

Plaintiff alleges that he was questioned without being read the *Miranda* warnings in violation the Fifth Amendment. However, the failure to read *Miranda* warnings to Plaintiff did not violate his "constitutional rights and cannot be grounds for a § 1983 action." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 432 n.13 (6th Cir. 2005). Therefore, this claim must be dismissed for failure to state a claim upon which relief may be granted.

### B. Eighth Amendment

The complaint also fails to state a claim under the Eighth Amendment. Plaintiff was not a convicted prisoner at any time relevant to the complaint. "Because only those individuals who have been formally convicted of a crime may seek protection under the Eighth Amendment, . . . [Plaintiff's] Eighth Amendment rights cannot have been violated." *Irvin v. Clarksville Gas & Water Dep't*, No. 3:11-CV-00529, 2011 WL 3565248, at *8 (M.D. Tenn. Aug. 12, 2011), *report and recommendation adopted* No. 3-11-0529, 2011 WL 3897801 (M.D. Tenn. Sept. 6, 2011).

### C. Equal protection

Plaintiff refers to being not "treated equally or the same as other citizens who had not committed a crime." The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The threshold element of an equal protection claim is disparate treatment. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" (citation omitted)). An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant respects[.]" *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (holding that to be a similarly-situated person, "the comparative [person] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or

[the defendant's] treatment of them for it'") (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).

Here, Plaintiff's one-sentence reference to not being treated the same as other citizens is too conclusory to state an equal protection claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint does not suffice if it tenders "'naked assertion[s]'" devoid of "'further factual enhancement'" (citation omitted)); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"); *see also Johnson v. Grayson Cty. Det. Ctr.*, No. 4:21-CV-P13-JHM, 2021 WL 3025452, at *2 (W.D. Ky. July 16, 2021) (concluding that plaintiff's "one-sentence allegation of disparate treatment [wa]s too conclusory to state an equal protection claim.").

### D. Official-capacity claims

"Official-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against the entity which employs them, the City of Elizabethtown. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). When a § 1983 claim is made against a municipality, in addition to analyzing whether Plaintiff's harm was caused by a constitutional violation, the Court must also analyze whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."

*Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff does not claim that any alleged constitutional injury was the result of an official custom or policy of the City of Elizabethtown. As such, the Court will dismiss Plaintiff's official-capacity claims.

### *E. Remaining claims*

The Court will allow Plaintiff's individual-capacity claims against Defendants for illegal search and seizure, false arrest, and unlawful imprisonment to continue.

### III.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Fifth and Eighth Amendment claims, his equal protection claim, and his official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will enter a separate Service and Scheduling Order to govern the development of the remaining claims.

Date: August 23, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
A961.009